IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DARRELL W. BUMPAS )
)
v. ) NO. 3:10-1055
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )


**O R D E R**

By Order entered November 15, 2010 (Docket Entry No. 3), the pro se plaintiff, an

inmate of the Tennessee Department of Correction ("TDOC") confined at the Metro-

Davidson County Detention Facility, was granted in forma pauperis status under 28 U.S.C.

§ 1915 after he filed an application to proceed in forma pauperis, a 15 page complaint

naming at least twenty-five defendants, and approximately 80 pages of attachments.

However, the Court directed that the plaintiff submit a short and plain statement setting

forth with particularity the factual allegations supporting the claim(s) he is asserting

against each defendant.

By Order entered January 19, 2011 (Docket Entry No. 21), the Court granted the

plaintiff's motion to amend his complaint, reviewed the amended complaint (Docket Entry

No. 25), and found that, while the plaintiff's assertions are often delusional in nature, the

amended complaint contained claims which are not facially frivolous under 28 U.S.C.

§ 1915A. The Court directed the Clerk to send to the plaintiff blank service packets for the

defendants and to issue process to the defendants upon the plaintiff's return of completed service packets. On February 3, 2011, the Clerk issued process to 45 defendants in this action. See Docket Entry No. 31. The record in the action shows that while many of these defendants have been served with process, process has been returned unexecuted for several of the defendants.

Presently pending is a motion to set a hearing (filed February 22, 2011; Docket Entry No. 68) filed by defendants Metropolitan Government, Mayor Karl Dean, Metropolitan Nashville Police Department, Elizabeth Sanders, Jimmy Hale, Dawn Deaner, Mike Engle, Jerrilyn Manning, Officer W. Stone, Officer Nidiffer, Sheriff Daron Hall, Former Police Chief Ronal Serpas, and Nashville General Hospital at Meharry ("MHA") (collectively, the "Metro Defendants"). Also before the Court is the motion (filed March 3, 2011; Docket Entry No. 95) of defendants Corrections Corporation of America, Michael Davis, Damon Hininger, and Janice Yates (collectively the "CCA Defendants"), to join in the Metro Defendants' motion to set a hearing. By their motions, the collective defendants request that the Court set a hearing to determine which of the plaintiff's claims, as was noted in the Court Order entered January 19, 2011, are delusional in nature and, thus, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

The defendants' motions are GRANTED IN PART. Although the Court found in the Order entered January 19, 2011, that the plaintiff has alleged some claims that are not

facially frivolous, the Court nonetheless recognized that the plaintiff's assertions were often

delusional in nature. Furthermore, the Court's current review of the action indicates that

the sheer number of defendants named in the action and the nature of the plaintiff's

allegations require additional inquiry under 28 U.S.C. § 1915(e)(2)(B). This section provides

that:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that-
> . . .
>> (B) the action or appeal-
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be
>>> granted; or
>>> (iii) seeks monetary relief against a defendant
>>> who is immune from such relief.

Even though the Court determined that the complaint was sufficient to survive

preliminary screening under 28 U.S.C. § 1915A because it contained some claims that were

not facially frivolous, the issue of whether the plaintiff, who proceeds in forma pauperis,

has alleged some claims which are subject to dismissal under Section 1915(e)(2)(B)(ii) or (iii)

is a separate issue. See Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010). Further, it is well-

settled that federal trial courts have the inherent power to manage their own dockets. Link

v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

Although the Court sees no need to conduct a court hearing on the matter at this

time, the Court shall conduct a review of the plaintiff's claims, pursuant to 28 U.S.C

§§ 1915(e)(2)(B)(ii) and (iii), as expeditiously as possible and prior to the Court bearing the additional expenses which will arise from re-issuing process to any of the defendants for whom process was returned unexecuted.

Accordingly, the motions for an extension of time to file responses to the complaint filed by the Metro Defendants and Defendant J.D. Smith (Docket Entry No. 69) and the CCA Defendants (Docket Entry No. 96) are GRANTED. The time for all defendants named in the action to answer or otherwise respond to the complaint is extended until further Order of the Court. However, the Court expects notices of appearance to be filed on behalf of any defendants who obtain counsel in the action.

The plaintiff's motion (Docket Entry No. 47) to have three additional service packets sent to him and motion (Docket Entry No. 86) to have 36 additional service packets sent to him and to have process re-issued on these 36 service packets are TAKEN UNDER ADVISEMENT pending the Court's review of this action as set out herein.

The motion to dismiss (Docket Entry No. 91) filed by Defendant Mark Fishburn is TAKEN UNDER ADVISEMENT pending the Court's review of the action as set our herein.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion

for review must be accompanied by a brief or other pertinent documents to apprise the

District Judge of the basis for appeal.  <u>See</u> Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge