UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRELL W. BUMPAS | ) | |
| | ) | |
| v. | ) | No. 3:10-1055 |
| | ) | JUDGE SHARP |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA | ) | |

**O R D E R**

This case was recently reassigned to the undersigned. A review of the docket reveals numerous motions and other filings submitted by both the Plaintiff and Defendants. No scheduling order has been entered in this case.

By Order entered January 19, 2011 (Docket Entry No. 21), Judge Campbell granted the filing of Plaintiff's Amended Complaint and stated that "while its assertions are often delusional in nature, it contains claims which are not facially frivolous." The case was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary under Rule 72(b), Fed.R.Civ.P, and the Local Rules of Court.

On February 22, 2011, the Metro Defendants filed a Motion to Set Hearing (Docket Entry No. 68) requesting that the Court conduct a hearing in this matter to determine which of Plaintiff's claims are "delusional in nature" and which are "not facially frivolous." On March 3, 2011 (Docket Entry No. 95), Defendants Corrections Corporation of America, Michael Davis, Damon Hininger, and Janice Yates (collectively the "CCA Defendants") joined in the Metro Defendants' Motion to Set Hearing. The Metro Defendants and CCA Defendants submitted that because Plaintiff has alleged theories against approximately 50 defendants, it is in the interests of judicial economy, and

1

basic fairness, for the Court to determine at this stage which claims may be frivolous and which should be permitted to proceed. In addition, Defendant Canteen Correctional Services filed a Notice of Joinder in the Motion to Set Hearing for the purpose of requesting clarification as to which of Plaintiff's allegations the Court deems frivolous, as well as the nature of and basis for the claim asserted against Defendant Canteen Correctional Services.

By Order entered on March 8, 2011 (Docket Entry No. 115), the Magistrate Judge determined there was no need to conduct a court hearing on the matter at the time and stated that a review of the Plaintiff's claims, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), would be conducted as expeditiously as possible. The Magistrate Judge also extended the time for all defendants named in the action to answer or otherwise respond to the complaint until further Order of the Court.

This case appears to be out of control largely due to Plaintiff's numerous filings and "notices," many of which appear to be delusional and have no relation to Plaintiff's allegations that are currently before the Court.[1] Plaintiff is hereby DIRECTED to make no further filings in this case until the Court has had an opportunity to review Plaintiff's claims, as set forth in the Magistrate Judge' Order entered on March 8, 2011 (Docket Entry No. 115), and address the other issues currently pending before the Court in this case. If the Court determines that further information from Plaintiff is required to address the current pending matters, an order will be entered directing Plaintiff

---

[1] The Court notes that a mental evaluation of the Plaintiff may be warranted based on the content of numerous "notices" he has filed. It may be prudent for the appropriate jail official(s) to initiate such an evaluation.

to respond accordingly. Plaintiff is forewarned that failure to abide by the Court's instructions in this Order may result in his documents being returned to him without filing by the Clerk of Court.

IT IS SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE