IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRELL W. BUMPAS | ) | |
| | ) | |
| v. | ) | NO. 3:10-1055 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al. | ) | |

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered January 19, 2011 (Docket Entry No. 21), this prisoner civil rights action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C . § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

As set out below, the Court recommends that most of the claims and all but one of the defendants in this action be dismissed from the action pursuant to 28 U.S.C §§ 1915(e)(2)(B).

## I. PROCEDURAL BACKGROUND

The pro se plaintiff, an inmate currently confined at the Davidson County Criminal Justice Center ("CJC"), filed a 23 page complaint naming at least 25 defendants, and 86 pages of attachments. See Docket Entry Nos. 1-2. The plaintiff asserts civil rights claims based on

circumstances and events occurring during his incarceration at the Metro/Davidson County Detention Facility ("MDCDF") in 2000 and 2010. By Order entered November 15, 2010 (Docket Entry No. 3), he was granted in forma pauperis status under 28 U.S.C. § 1915 but was ordered to revise the statement of his claims by providing a short and plain statement setting forth with particularity the factual allegations supporting his claims. The plaintiff thereafter filed a motion (Docket Entry No. 19) to amend his complaint, accompanied by a proposed amended complaint setting out 17 categories of claims and naming 45 defendants.

By Order entered January 19, 2011 (Docket Entry No. 21), the Court granted the plaintiff's motion to amend, reviewed the amended complaint (Docket Entry No. 25), and found that, while the plaintiff's assertions were often delusional in nature, the amended complaint contained some claims which were not facially frivolous under 28 U.S.C. § 1915A and directed the Clerk to send to the plaintiff blank service packets for the defendants and to issue process to the defendants upon the return of completed service packets. On February 3, 2011, the Clerk issued process to the 45 defendants named in the amended complaint. See Docket Entry No. 31.

Because of the nature of the plaintiff's allegations, the sheer number of defendants involved, and the fact that process for many of the defendants had been returned unexecuted, the Court, by Order issued March 8, 2011 (Docket Entry No. 115), provided that a further review of the plaintiff's claims, pursuant to 28 U.S.C §§ 1915(e)(2)(B)(ii) and (iii), would take place prior to any served defendant being required to answer or otherwise respond to the complaint and prior to the re-issuance of process to any defendant for whom process was returned unexecuted. The Court took under advisement the plaintiff's motion (Docket Entry No. 47) to have three additional service packets sent to him, the plaintiff's motion (Docket Entry No. 86) to have 36 additional service

packets sent to him and to have process re-issued on these 36 service packets, and the motion to dismiss (Docket Entry No. 91) filed by Defendant Mark Fishburn.

Subsequent to or shortly prior to the Order of March 8, 2011, several motions were filed by some of the other defendants in the action:

1. Motion to dismiss filed by Victor S. Johnson and Thomas Thurman (Docket Entry No. 101);

2. Motion to dismiss filed by Sarah Davis (Docket Entry No. 103);

3. Motion to dismiss filed by Joshua Brand (Docket Entry No. 105);

4. Motion to dismiss filed by Benjamin Russ (Docket Entry No. 107);

5. Motion for extension of time to respond filed by Canteen CCA Food Services Supply Company (Docket Entry No. 120);

6. Motion for extension of time, for more definite statement, and to dismiss filed by Purity Dairies, Inc. (Docket Entry No. 122); and

7. Motion to dismiss filed by J.D. Smith (Docket Entry No. 158).

By contemporaneously entered order, the above motions have been denied as moot with leave to be re-filed if this report and recommendation is not adopted.

Also before the Court are 19 motions filed by the plaintiff shortly prior to the Order of March 8, 2011, or thereafter until June 30, 2011. These motions are addressed in the contemporaneously entered order, and include:

1. Motion to compel the Court to order the Clerk to mail him a copy of the docket sheet (Docket Entry No. 90);

2. Motion to compel the Court to order the Clerk to mail him a copy of the docket sheet and make necessary orders (Docket Entry No. 98);

3. Emergency Motion to compel the Clerk to mail the plaintiff a copy of the docket sheet (Docket Entry No. 99);

4. Motion for an extension of time to respond to defendants' filings because of the defendants' use of nuclear weapons, nuclear wastes, toxins, drugs (angel dust), bacteria, DDTs and PCBs and cancer (Docket Entry No. 118);

5. Motion to have the defendants CCA-Metro Staff stop putting nuclear weapons (waste) and drugs or chemicals (chemical warfare) or toxins in his food and starving him (Docket Entry No. 126);

6. Emergency motion to have defendants not interfere with court dates (Docket Entry No. 127);

7. Emergency motion for extension of time (Docket Entry No. 131);

8. Motion for additional service packets and for process to be issued (Docket Entry No. 132);

9. Motion for order to halt, stop and not permit filings (Docket Entry No. 133);

10. Motion for Clerk to mail copy of amended complaint (Docket Entry No. 134);

11. Motion for sanctions (Docket Entry No. 135);

12. Motion to amend complaint (Docket Entry No. 172);

13. Motion to have President Barack H. Obama be notified of death threats against him (Docket Entry No. 174);

14. Motion for extension of time to respond to the defendants' filings (Docket Entry No. 194);

15. Motion for an accurate copy of the docket sheet (Docket Entry No. 196);

16. Motion for immediate response from the defendants of insults on the records of the plaintiff (Docket Entry No. 198);

17. Motion for an immediate explanation and answer from all defendants (Docket Entry No. 200);

18. Motion for hearing (Docket Entry No. 201);

19. Motion to ascertain status (Docket Entry No. 217); and

20. Motion for status hearing and pretrial conference (Docket Entry No. 241).

In addition to filing the above noted motions, the plaintiff has filed no less than 83 "notices," "emergency notices," "affidavits," "statuses," "reports," or "statements." See Docket Entry Nos. 88, 99-100, 112, 137, 139, 141-157, 162-165, 167-171, 173, 175-176, 178-182, 184-185, 190-193, 197, 199, 203-209, 212-216, 219-240, and 242-243. The plaintiff's cumulative filings number in the hundreds of pages and chronicle his observations of and involvement in the manner of his incarceration and the actions of prison officials and other entities. The Court is unable to summarize these filings, and the content and nature of the specific filings can only be gleaned from an attempt to read them, but the caption of one of the filings is set out as a representative example:

> NOTICE: "The Defendants Are "Necromancers" If my body is physically alive. And my god-given spirit or "Ka" is responding by avatars and pleadings in the defendants computer monitors (modern crystal balls) then who's spirits and "Ka" is still responding and also pleading (searching for the light without rest) for the 6,000 year old dead victims also still being monitored by the defendants and grieved and made empty promises?

See Docket Entry No. 228, at 1.

Given the volume and nature of the plaintiff's filings, the Court entered an Order July 5, 2011 (Docket Entry No. 244), directing that the plaintiff make no further filings in the case until the Court has had an opportunity to review his claims, as set forth in the Order of March 8, 2011, and address the other issues currently pending before the Court in the case. Since the Order of July 5, 2011, the plaintiff has filed a change of address notice (Docket Entry No. 247), and the docket in the action reflects only one attempted filing which was returned to the plaintiff on July 13, 2011.

## II. CLAIMS SET OUT IN PLAINTIFF'S AMENDED COMPLAINT

Even though the Court determined that the amended complaint was sufficient to survive preliminary screening under 28 U.S.C. § 1915A because it contained some claims that were not

facially frivolous, the issue of whether the plaintiff, who proceeds in forma pauperis, has alleged claims which are subject to dismissal under Section 1915(e)(2)(B)(ii) or (iii) is a separate issue. See Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010). 28 U.S.C. § 1915(e)(2)(B) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> . . .
> (B) the action or appeal -
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990). To state a claim upon which relief can be granted, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. To survive scrutiny under Section 1915(e)(2)(B)(ii), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

facially frivolous, the issue of whether the plaintiff, who proceeds in forma pauperis, has alleged claims which are subject to dismissal under Section 1915(e)(2)(B)(ii) or (iii) is a separate issue. See Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010). 28 U.S.C. § 1915(e)(2)(B) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> . . .
> (B) the action or appeal -
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990). To state a claim upon which relief can be granted, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. To survive scrutiny under Section 1915(e)(2)(B)(ii), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949). See also Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). Further, the plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

After further review of the amended complaint, the Court finds that the claims against all but one of the defendants named in the amended complaint warrant dismissal under Section 1915(e)(2)(B) (I), (ii), or (iii) because the plaintiff's allegations against these defendants are simply insufficient to state viable legal claims against them.

The plaintiff names Joshua Brand as a defendant but the amended complaint contains no allegations against him and, in fact, he is only mentioned in the caption of the amended complaint. As such, this defendant should be dismissed.

Claims against the State of Tennessee and the state officials named in their official capacities must be dismissed. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Johns v. Bonnyman, 109 Fed.Appx. 19, 2004 WL 1791396 (6th Cir. Aug. 6, 2004). Accordingly, the official capacity claims against former Tennessee Governor Phillip Bredesen, Tennessee Department of Correction ("TDOC") Commissioner George Little,

7

TDOC Asst. Commissioner Gayle Ray,[1] District Attorney General Victor Johnson, Deputy District Attorney General Thomas Thurman, Assistant District Attorney General Sarah Davis, and state judges Mark Fishburn and Cheryl Blackburn are all essentially claims against the State of Tennessee. However, the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages[2] on civil rights claims. Graham, 473 U.S. at 169; Turker v. Ohio Dept. of Rehab. & Corr., 157 F.3d 453, 456 (6th Cir. 1998). Additionally, neither a State nor an official acting in his official capacity is a "person" for the purposes of a suit brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).[3]

It appears that some of the plaintiff's allegations touch upon either a pending criminal case or a prior conviction for which he is seeking post-conviction relief. See Docket Entry No. 25, at 4-5 and 8-10. Any claims seeking monetary relief which would imply the invalidity of his current confinement if found in his favor cannot be pursued until the plaintiff has directly and successfully challenged his current confinement through federal or state appellate, habeas, or other collateral proceedings. Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); Heck

---

[1] The Court takes judicial notice that in January 2010 Gayle Ray replaced George Little as TDOC Commissioner.

[2] The plaintiff's amended complaint does not contain a prayer for relief. However, his original complaint requests only monetary relief. See Docket Entry No. 1, at 23.

[3] Although the plaintiff's pleadings do not clearly indicate that many of the defendants are sued in their individual capacities and, thus, a question may exist whether individual capacity claims against them are part of this action, see Shepherd v. Wellman, 313 F.3d 963 (6th Cir. 2002); Moore v. City of Harriman, 272 F.3d 769 (6th Cir. 2011); Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989), for the sake of completeness, the Court has analyzed the plaintiff's claims in the amended complaint as if they were asserted as both individual and official capacity claims.

v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because the instant action was clearly not filed as a federal habeas corpus action, the Court declines to construe the instant action as a petition for relief under 28 U.S.C. § 2254. These claims warrant dismissal for failure to state a claim upon which relief can be granted.

To the extent that defendant Sarah Davis, an assistant District Attorney General, is sued based on her alleged involvement in the plaintiff's criminal prosecution, see Amended Complaint at 9-10, she should be dismissed from the action because she is entitled to absolute prosecutorial immunity for any actions taken within the scope of her prosecutorial duties in prosecuting charges against the plaintiff. Imbler v. Pachtman, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Ireland v. Tunis, 113 F.3d 1435, 1446-47 (6th Cir. 1997). Prosecutorial immunity protects prosecutors from liability even if their acts were in error, were wrongful, or were done maliciously. Imbler, 424 U.S. at 413, 430; Cady v. Arenac Cnty., 574 F.3d 334, 342 (6th Cir. 2009); Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989).

The plaintiff has named several defendants who are private individuals or entities and who are not subject to suit under 42 U.S.C. § 1983. A showing that the defendant acted under color of state law is an essential element for all claims brought under Section 1983. Flagg Bros. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732-33, 56 L.Ed.2d 185 (1978). Section 1983 does not create a cause of action against private actors and liability under Section 1983 can only be assessed against defendants who have acted under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Adams v. Vandemark, 855 F.2d 312, 314 (6th Cir. 1988).

Defendants Manuel Russ, James Martin, Daniel Graves, Dawn Deanor, Jerrilyn Manning, and Josph Michael Engle are alleged to be either private attorneys or public defenders. Such

individuals have not acted under color of state law merely by representing the plaintiff in a criminal action or by being a part of the public defender's office. An attorney does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk Cnty., 454 U.S. at 325; Stamper v. Bouldin, 2002 WL 311119693, 46 Fed. Appx. 840, 841 (6th Cir. Sept. 24, 2002).[4] Further, ten of the defendants named in the amended complaint are incarcerated inmates who are alleged to have assaulted the plaintiff or otherwise wronged him in some manner: Ronald Sanders, Dustin Melvin, Abdid Adow, Kenneth Green, Ricky York, Fredrick Ogleston, Jonathan Flippo, Jehovah Witness counseling service class student Waller, Michael Davis, and Maurecio Jackson. The plaintiff fails to state a claim upon relief can be granted against these defendants and they should be dismissed because prison inmates are not state actors and are simply not subject to suit under 42 U.S.C. § 1983. Finally, the plaintiff has named as defendants "Purity Daires (sic)," Shaw Vendors-Vending Company, Canteen (CCA food service supply company for inmates),[5] and the American Correctional Association Division of Standards and Accreditation. These appear to be private entities, and the plaintiff has not set forth any allegations supporting a conclusion that they are state actors for the purpose of Section 1983.[6]

While several of the named defendants are clearly state actors under Section 1983, the plaintiff's factual allegations against them simply do not provide a basis upon which he can state a

---

[4] Although the Sixth Circuit Court of Appeals recognized in Powers v. Hamilton Cnty. Pub. Defender Comm'n, 501 F.3d 592, 612 (6th Cir. 2007), that there is an exception to the rule in Polk for claims based on allegations that a public defender acted in an administrative or policy-making role, the plaintiff has not made such allegations in this case.

[5] In its motion for an extension (Docket Entry No. 120), this defendant asserts that its correct name is Compass Group USA, Inc. d/b/a Canteen Correctional Services.

[6] The amended complaint also does not set out any factual allegations against Shaw Vendors-Vending Company or Canteen (food service supply company for inmates).

claim for relief under Section 1983 and these defendants should be dismissed from the action. Defendants George Little, Gayle Ray, Corrections Corporation of America Chief Executive Officer Hiniger, Jimmy Hale, Michael Davis, W. Stone, Jeff Nidificen, J.D. Smith, Phillip Bredesen, Karl Dean, Ronal Serpas, Daron Hall, Victor Johnson, Thomas Thurman, Mark Fishburn, and Cheryl Blackburn[7] are all alleged to have not acted to stop alleged wrongdoings and other illegal actions even though the plaintiff asserts they knew or should have know about the wrongdoings and illegal acts. See Docket Entry No. 25, at 7-10.

It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). The plaintiff's general and conclusory allegations of after-the-fact failures to act do not satisfy this requirement. Although the plaintiff alleges that he sent "a grievances and formal complaint or notice" about wrongdoings or illegal activity to some of the defendants, see Amended Complaint, at 7, such an allegation, even if true, is not sufficient to

---

[7] Although the factual allegations against Defendants Fishburn and Blackburn are vague, to the extent that the claims against them are based upon action taken in their respective roles as judicial officers for the State of Tennessee, they would be immune from liability under Section 1983. Judicial officers generally are immune from civil suits for monetary damages bought against based upon their judicial actions. Mireles v. Waco, 502 U.S. 9, 9-10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Forrester v. White, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004); Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000).

establish a basis for personal liability under Section 1983. See Shehee supra; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Garrido v. Coughlin, 716 F. Supp. 98, 100 (S.D.N.Y. 1989). If grievances, complaints, or notices received by prison or state officials trigger a duty to investigate and can form the basis for constitutional liability if the responding official does not overturn the underlying wrong complained about, then the named defendants would essentially become liable for the acts committed by other individuals. Such a scenario is nothing less than liability based on respondeat superior, which is not a basis for liability under 42 U.S.C. § 1983. Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). See also Henry v. Pogats, 35 F.3d 565, 1994 WL 462129 (6th Cir. Aug. 25, 1994) (unpublished) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

The plaintiff also names as individual defendants Janice Yates, who is alleged to be the Chief Deputy Clerk for the Sixth Circuit Court of Appeals and the MDCDF librarian,[8] and Elizabeth Sanders, who is alleged to be an attorney for the Metropolitan Government of Nashville and Davidson County. The plaintiff alleges that Defendant Yates made comments that the plaintiff "would lose all [his] cases," see Amended Complaint (Docket Entry No. 25), at 5, and that Defendants Yates and Sanders "made a deal" to dismiss another federal case he filed in this district, Bumpas v. Metropolitan Gov't of Nashville and Davidson Cnty., Case No. 3:07-0766. Id. at 8.

---

[8] The plaintiff's assertion that Defendant Yates is both the MDCDF librarian and the Chief Deputy Clerk for the Sixth Circuit Court of Appeals strains credulity. Apparently, a woman named Janice Yates is employed by CCA. See Docket Entry Nos. 72 and 93. A woman named Janice Yates is also the Chief Deputy Clerk for the Sixth Circuit. The Court assumes that they are two different people. However, for the purposes of analyzing the plaintiff's claims against Defendant Yates, whether she is also an employee of the Sixth Circuit is not material.

12

Even if the Court takes these allegations as true, they simply do not provide a basis for a claim against either defendant upon which relief can be granted. Oral comments or statement by a defendant simply cannot form the basis for a claim under Section 1983. See Paul v. Davis, 424 U.S. 693, 701-03, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Azar v. Conley, 456 F.2d 1382, 1389 (6th Cir.1972). Furthermore, the plaintiff has not shown how the alleged actions deprived him of a constitutional right. Section 1983 is not self-executing nor is it a vehicle for complaining about every act which the plaintiff believes may have aggrieved him. Section 1983 merely provides a method for vindicating federal rights elsewhere conferred, and the threshold requirement for any claim brought under Section 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). The plaintiff fails to satisfy this requirement.

The plaintiff names as a defendant the Metropolitan Government of Nashville and Davidson County ("Metro"). However, the only allegation specifically made against Metro is that "Metropolitan, or and local government entities including state and federal officials are running a racketeering ring in Nashville and Davidson County in violation of R.I.C.O. laws 18 § 1961 . . . And Sherman Anti-trust Act. 15 § U.S.C. A. §§ 1-7." See Amended Complaint (Docket Entry No. 25), at 9. This allegation is conclusory and borders on the delusional. Such an allegation is simply insufficient to support an arguable legal claim. See Iqbal, supra; Twombly, supra; Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).

The plaintiff also names as a defendant the Nashville General Hospital at Meharry. The hospital itself is not a legal entity which can be sued under Section 1983. However, to the extent that the plaintiff intends to sue the Metropolitan Hospital Authority d/b/a the Nashville General Hospital, the plaintiff has not set forth any allegations in his amended complaint which support a

plausible constitutional claim against this defendant. At best, his dissatisfaction with how staff at the hospital treated him asserts a claim of mere negligence, which is not sufficient to state a claim under Section 1983. See Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Comstock v. McCrary, 273 F.3d, 693, 703 (6th Cir. 2001).

The plaintiff names as a defendant the "Segregation Unit Management Team (Special) and Segregation Unit Staff (All)." See Amended Complaint, at 3. This defendant should be dismissed from the action because it is simply not capable of being sued. First and foremost, those designations for internal working groups at the MDCDF are not legal entities subject to suit. Further, although the individual members of the "management team" or "unit staff" could be subject to suit for their own individual actions if they were specifically named, the plaintiff simply cannot generally name the "unit staff" or a "management team" as a defendant intending to encompass all members of those working groups.

The final defendant named by the plaintiff in his amended complaint is Corrections Corporation of America, Inc. ("CCA"), a private entity which operates the MDCDF. The plaintiff's allegations that the food served to him at the MDCDF was so nutritionally inadequate that he lost over 50 pounds and that he was categorically denied pain medication and medical treatment, see Amended Complaint (Docket Entry No. 25), at 6, are sufficient to state arguable Eighth Amendment claims against CCA which survive Section 1915(e) review. Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Liability could conceivably be assessed against CCA for these claims.[9]

---

[9] In the Order entered January 19, 2011 (Docket Entry No. 21), the Court noted without specification that the plaintiff's amended complaint did contain claims which were not facially frivolous. Id. at 1.

The remainder of the plaintiff's allegations against CCA simply do not support claims which can survive Section 1915(e) review. Several of the allegations made by the plaintiff, such as his allegations that prison officials and CCA employees failed to protect him from violence at the hands of other inmates, retaliated against him, and purposefully took his legal materials, implicate constitutional concerns. See Amended Complaint, at 5-7. However, CCA cannot be held liable under Section 1983 merely because its employees may have acted in violation of the plaintiff's constitutional rights. Board of Cnty. Comm'rs v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997); Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 80-81 (6th Cir. 1995); Dunn v. Tenn., 697 F.2d 121, 128 (6th Cir. 1982).

The bulk of the remaining allegations fall into the category of delusional or baseless claims which warrant dismissal under Section 1915(e)(1). For example, the plaintiff alleges that he is being purposefully poisoned, that CCA and its employees are part of a world-wide terrorist organization, that CCA and its employees are engaged in treason against the United States of America, that CCA and its staff are using monitoring devices and magic against the plaintiff, and that CCA and its staff sell information from its computers to terrorists. See Amended Complaint. The Court has the discretion to refuse to accept without question the truth of a plaintiff's allegations that are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Such allegations clearly fall into this category and warrant dismissal.

## III. THE PLAINTIFF'S MOTION TO AMEND
### (Docket Entry No. 172)

By his pending motion to amend his complaint,[10] the plaintiff seeks leave to file a 16 page amended complaint adding no less than 28 additional new defendants. The amended complaint follows the form of the plaintiff's original (Docket Entry No. 1) and first amended complaint (Docket Entry No. 25) by presenting a rambling narrative of events and fantastic and delusional allegations from which it is impossible to decipher any specific claims made by the plaintiff, let alone claims which he has not already presented in his first amended complaint.

Given the recommendation for the dismissal of the majority of claims and defendants included in the plaintiff's first amended complaint and the similarity between the first amended complaint and the proposed second amended complaint, the Court finds that the second amended complaint would be futile and would not survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980).

---

[10] The plaintiff's prior motion to amend (Docket Entry No. 19) was granted by Order entered January 19, 2011 (Docket Entry No. 21).

# R E C O M M E N D A T I O N

For the reasons set out above, the Court RECOMMENDS that all defendants named in this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) except for Corrections Corporation of America, Inc., which should be ordered to answer or otherwise respond to the amended complaint.

The Court further RECOMMENDS that the plaintiff's motion (Docket Entry No. 172) for leave to file an amended complaint be DENIED for the reasons set out herein. By a contemporaneously entered order, the Court has address all other pending motions in the action.

Because some of the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made.[11] Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[11] The Order entered July 6, 2011 (Docket Entry No. 244), does not bar the plaintiff from filing timely objections to this Report and Recommendation.