# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DARRELL W. BUMPAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:10-1055 |
| **CORRECTIONS CORPORATION OF** | ) Judge Sharp |
| **AMERICA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

An *in forma pauperis* Complaint is subject to dismissal under 28 U.S.C. § 1915 if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Finding that the allegations in Plaintiff's 25 page Complaint (with 86 pages of attachments) against at least 25 Defendants was insufficient under one or more of the provisions of §1915(e)(2)(b), the Magistrate Judge has entered a 17 page Report and Recommendation ("R & R") (Docket Entry No. 248) in which she recommends that all but Defendant Correctional Corporation of America ("CCA") be dismissed from this action.

The Magistrate Judge also recommends that Plaintiff's Motion to Amend Complaint (Docket No. 172), which seeks to add no less than 28 additional Defendants, be denied. In making that recommendation, the Magistrate Judge observed that (1) the allegations in the proposed second amended complaint "present[] a rambling narrative of events and fantastic and delusional allegations from which it is impossible to decipher any specific claims made by the plaintiff, let alone claims which he has not already presented in his first amended complaint," and, (2) in light of the recommended dismissal of the majority of claims and Defendants, "the second amended complaint

1

would be futile and would not survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." (Docket No. 248 at 16).

Plaintiff has filed Objections (Docket No. 258) to the R & R[1] and, pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). Having undertaken that review, the Court will accept the R & R, dismiss all of the claims against all of the Defendants except for a limited number of claims against CCA, and will deny Plaintiff's Motion to Amend for the reasons cogently explained in the R & R.

Many of Plaintiff's objections are not proper objections to the R & R. For example, Plaintiff claims either the Defendants or the Court (it is hard to tell which) is "condoning the actions of Al-Qaueda [sic] terrorists"; "the Metro Mafia(s) insurgency and racketeering has gotten out of hand"; there are "deaths of exploited and targeted children, soldiers, U.S. Citizens (having no safety nets)"; and certain named Defendants "know and I heard some of them say it," although Plaintiff never explains what it is they knew or he heard them say. (Docket No. 258 at 3).

Turning to what may properly be categorized as objections, Plaintiff asserts that it was determined "★ by U.S. Chief Judge Todd J. Campbell ★," that the "Complaint contained claims which are not facially frivolous," and Plaintiff was supplied with service packet which he filled out and were returned to the Court for service. (Id. at 2-3, stars and emphasis in original). Nevertheless, "schokingly [sic]" and "against the natural order of things in the Rules of Federal Civil Practice and Local Rules of Court," the Defendant were "granted permission not to have to answer or respond

---

[1] Plaintiff has also filed a "Public Notice and Motion for a[n] Extension of Time to File Responses. (Docket No. 256). The request for an extension of time to file will be denied because it does not indicate what the request is directed to, and, to the extent that it may be directed to the R & R, it is moot because Plaintiff has now filed his objection.

to the complaints[.]" (Id. at 3). Additionally, "and also against the ★ natural order of things ★ the Defendants began filing motions as motions to dismiss (without being required to answer the initial complaints)." (Id., stars in original). Apparently because of these alleged machinations, Plaintiff believes he was treated "as a fool." (Id.).

It is true Judge Campbell found that Plaintiff's Amended Complaint "contains claims which are not facially frivolous," (Docket No. 21 at 1), but so, too, has the Magistrate Judge, to wit, certain claims against CCA. Moreover, Section 1915 specifically provides that if "at any time" a court determines the action is frivolous or malicious, fails to state a claim, and/or seeks monetary relief against an immune defendant, "the court shall dismiss the case[.]" 28 U.S.C. § 1915(e)(2); see, Lackey v. Ghee, 2000 WL 1434632 at *2 (6th Cir. Sept. 22, 2000) (Section 1915 "permits a court to dismiss a prisoner's *in forma pauperis* suit at any time without prior notice"); Young-Bey v. Swanson, 3 Fed. Appx. 929, 931 (10th Cir. 2001) ("28 U.S.C. § 1915(e)(2) requires a court to dismiss a complaint 'at any time' if it fails to state a claim, regardless of whether the defendants have been served"); Whitelaw v. Kennedy, 2010 WL 1741381 at *5 (W.D.N.Y. April 28, 2010) ("upon further review of Plaintiff's pleadings, the Court *sua sponte* revisits its earlier decisions and finds that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim").

Plaintiff's contention that Defendants were "granted permission not to have to answer," appears to be directed at an Order (Docket No. 115) entered March 8, 2011. In the Order, the Magistrate Judge ruled that, even though the initial screening suggested "some claims that were not facially frivolous," whether a complaint is factual frivolous is a separate issue from whether it states a claim for relief, Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010), and, to arrive at a determination of the latter, it would take some time for the Court to sift through Plaintiff's hard-to-decipher

pleadings and attachments to determine whether he did, in fact, state plausible claims under the law against one or more of the Defendants. This approach was proper not only because "a district court has broad discretion to manage its docket," Am. Civil Liberties Union v. McCreary County, 607 F.3d 439, 451 (6th Cir. 2010), but also because Section 1915(e) contemplates that district courts screen and dismiss complaints "without requiring an answer from defendants." Green v. Waldron, 2000 WL 876765 at *3 (6th Cir. June 23, 2000); Guzman v. Wells, 2010 WL 4941485 at *2 (S.D. Ga. Oct. 26, 2010) ("Defendants are not required to file an answer until the Court screens Plaintiff's Complaint to determine which claims, if any, will be allowed to proceed").

Nor is it "against the natural order of things" for a Defendant to file a Motion to Dismiss in lieu of an answer. While Fed. R. Civ. P. 12(a) sets forth the time limits for the filing of responsive pleadings, Fed. R. Civ. P. 12(b) provides that a party may assert any of six defenses (including lack of subject-matter jurisdiction and failure to state a claim) "by motion." See, Wrenn v. Gould, 1987 WL 36949 at *1 (6th Cir. April 3, 1987) ("Rule 12(a) clearly states that the time within which a defendant must file its answer is altered and extended when that same defendant moves to dismiss the case under Rule 12(b)(6)").

Based on the foregoing, the Court rules as follows:

(1) The R & R (Docket No. 248) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's "Public Notice and Motion for a[n] Extension of Time to File Responses" (Docket No. 256) is hereby DENIED;

(3) Plaintiff's Objections to the R & R (Docket No. 258) are hereby OVERRULED;

(4) Plaintiff's Motion to Amend Complaint (Docket No. 172) is hereby DENIED; and

(5) All claims against all Defendants are hereby DISMISSED WITH PREJUDICE, except

4

Plaintiff's claims against CCA that the food served to him was so nutritionally inadequate that he lost over 50 pounds, and that he was categorically denied pain medication and medical treatment. CCA shall answer or otherwise respond to those allegations within twenty (20) days from the date of entry of this Order.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby FINDS that any appeal of this Order dismissing parties and claims, and denying Plaintiff's Motion to Amend, would not be taken in good faith.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE