IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRELL W. BUMPAS | ) | |
| | ) | |
| v. | ) | NO. 3:10-1055 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al. | ) | |

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered January 19, 2011 (Docket Entry No. 21), this prisoner civil rights action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C . § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Defendant Corrections Corporation of America, Inc.'s ("CCA") Motion for Summary Judgment (Docket Entry No. 290), to which Plaintiff has responded in opposition. See Docket Entry Nos. 299, 301-302, and 305-307. Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

Plaintiff filed this pro se action on November 8, 2010, seeking relief under 42 U.S.C. § 1983 for events that occurred during his incarceration at the Metro/Davidson County Detention Facility

("MDCDF") in 2009 and 2010 as an inmate of the Tennessee Department of Correction ("TDOC"). After Plaintiff was granted in forma pauperis pursuant to 28 U.S.C. § 1915 and was ordered to revise his statement of claims, see Order Entered November 15, 2010 (Docket Entry No. 3), he filed an Amended Complaint expounding on his claims and naming additional defendants. See Docket Entry No. 25. By Order entered January 19, 2011 (Docket Entry No. 21), the Court found that, while Plaintiff's assertions were often delusional in nature, Plaintiff stated some claims which were not facially frivolous under 28 U.S.C. § 1915A. On February 3, 2011, the Clerk issued process to the 45 defendants named in the Amended Complaint. See Docket Entry No. 31.

Because of the lengthy and rambling nature of Plaintiff's allegations and the sheer number of defendants involved, the Court undertook further review of Plaintiff's claims pursuant to 28 U.S.C §§ 1915(e)(2)(B)(ii) and (iii). By Order entered February 13, 2012 (Docket Entry No. 273), the Court dismissed all claims against all Defendants except for Plaintiff's claims against Corrections Corporation of America, Inc. ("CCA") that his Eighth Amendment rights were violated because he was served nutritionally inadequate food and was denied adequate medical care. See also Report and Recommendation entered August 30, 2011 (Docket Entry No. 248).

CCA is a private entity which operates the MDCDF. Plaintiff entered the MDCDF on June 4, 2009, and was released from the MDCDF on August 1, 2011.[1] He alleges that he was served nutritionally inadequate food while at the MDCDF, causing him to lose over 50 pounds, and that he

---

[1] Plaintiff was transferred to the Davidson County Criminal Justice Center ("CJC") on or about August 1, 2011, see Docket Entry No. 247, and then to the Middle Tennessee Mental Health Institute and back to the CJC, see Docket Entry No. 277, prior to his release from custody on or about April 26, 2012. See Docket Entry No. 285.

was categorically denied pain medication and medical treatment. See Amended Complaint (Docket Entry No. 25), at 6.

Defendant filed an Answer (Docket Entry No. 274) to the Amended Complaint, and a scheduling order (Docket Entry No. 283) was entered setting out deadlines for pretrial activity in the action. On April 26, 2012, Plaintiff filed a Change of Address Notice indicating that he had been released from incarceration. See Docket Entry No. 285.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant raises several substantive and technical arguments that challenge the merits of Plaintiff's claims and his requests for relief: 1) with one exception, Plaintiff failed to exhaust the administrative remedies available at the MDCDF and thus fails to satisfy the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"); 2) Plaintiff's requests for declaratory and injunctive relief have become moot because of his release from incarceration; 3) Plaintiff is not entitled to compensatory damages because his alleged injuries are de minimis; 4) all claims accruing prior to November 8, 2009, are barred by the applicable statute of limitations; 5) CCA cannot be held liable under 42 U.S.C. § 1983 based on a theory of respondeat superior; 6) Plaintiff cannot show that he was subjected to a deprivation of his constitutional rights; and 7) punitive damages are not warranted in this action. See Defendant's Memorandum in Support (Docket Entry No. 291), at 2. In support of its motion, Defendant relies upon the Affidavits of dietitian Laurie LeClair (Docket Entry No. 293), MDCDF Warden Blair Leibach (Docket Entry No. 294), CCA Administrator Tracie Mathews (Docket Entry No. 295), and CCA Health Services Administrator Tanya Taylor (Docket Entry No. 298).

3

Plaintiff has responded to the Motion for Summary Judgment with multiple filings which the Court has construed as a single response in opposition to Defendant's motion. See Docket Entry Nos. 299, 301-302, and 305-307. Plaintiff essentially disagrees with the assertion that he failed to exhaust administrative remedies at the MDCDF, disputes that anyone could view the pain and injuries he suffered as de minimis, and asserts that his allegations support his Eighth Amendment claims and are sufficient to defeat the Motion for Summary Judgment. He further contends that his pro se status should be considered when reviewing his action and he should not be held to the same standards as if he were represented by counsel. See Docket Entry Nos. 305-307.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

After review of Defendant's motion, Plaintiff's response, and the entire record in this action, the Court finds that the Motion for Summary Judgment should be granted and this action should be dismissed. As is more fully explained herein, there is simply insufficient evidence before the Court supporting Plaintiff's claims to raise a genuine issue of material fact which must be resolved by the trier of fact.

The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon convicted prisoners. When a prison inmate complains about the conditions or the manner of his confinement, a violation of the Eighth Amendment may occur when contemporary standards of decency have been violated because the inmate has been deprived of basic human needs or subjected to other intolerable conditions. Rhodes v. Chapman, 452 U.S. 337, 347-48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). However, only grave or extreme deprivations of the civilized measure of life's necessities violate the Eighth Amendment. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause).

This standard is a high threshold and is simply not satisfied in the instant action. Even if the Court assumes as true that the conditions of confinement at issue in this case which Plaintiff experienced at the MDCDF were unpleasant and caused him some degree of discomfort or even suffering, the Constitution is not offended because a prison inmate is subjected to difficult or even

harsh conditions of confinement. See Rhodes, supra; Hadix, supra; Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Such conditions, as unpleasant as they may be, are merely "part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Although the Court does not agree with every argument for dismissal made by Defendant in its motion, the ultimate conclusion of the Court is that there is simply not sufficient evidence before the Court upon which a reasonable jury could find in favor of Plaintiff on his constitutional claims.[2]

Under the Eighth Amendment, the deprivation of life's necessities, such as food or water, can constitute a claim under the Eighth Amendment. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 512 (6th Cir. 2001). With respect to Plaintiff's claim that the meals he was served at the MDCDF were nutritionally inadequate, Defendant has set forth evidence that Plaintiff weighed 167 pounds on June 4, 2009, when he arrived at the MDCDF, that his weight increased to a maximum of 225 pounds on October 1, 2009, and that his weight gradually decreased to 174 pounds on July 7, 2011, the last time his weight was checked prior to his being transferred from the MDCDF on August 1, 2011. See Affidavit of LeClair (Docket Entry No. 293), at 4-5, ¶¶ 13-14. See also Docket Entry No. 137-3. Defendant's evidence also shows that, at all times Plaintiff was at the MDCDF, his body mass index was within the normal range for his height of six feet and one inch tall (6'1"). Id. at ¶¶ 15-16. Defendant has also set forth evidence that the meals provided to Plaintiff at the MDCDF met standardized guidelines for nutritional and calorie content and were overseen by a licensed and registered dietician. Id. at 1-4.

---

[2] Given the Court's conclusion that Defendant is entitled to summary judgment because there is a lack of supporting evidence for Plaintiff's claims, the Court declines to address the merits of the exhaustion and de minimis injury arguments raised by Defendant in its motion.

Plaintiff has not offered any affirmative evidence rebutting Defendant's evidence or supporting the allegation that he was provided with meals that were nutritionally insufficient to sustain his normal health. See Cunningham v. Jones, 567 F.2d 653 (6th Cir. 1977). He has not shown that he was substantially deprived of food or shown the type of significant weight loss which is an indicia of inadequate nutrition. Cf. Ward v. Gooch, 2010 WL 4608292, *6 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10 month period and received 200-700 calories a day for almost a year was sufficient to raise genuine issue of material fact). Although Plaintiff's allegation that he lost over 50 pounds while at the MDCDF is factually accurate, it is apparent from Defendant's undisputed evidence that Plaintiff actually gained weight while at the MDCDF and that any weight that he lost was weight he had actually gained at the MDCDF in the first place. Given this context, the mere fact of weight loss by Plaintiff is not sufficient to support his claim. Furthermore, there is no evidence that Plaintiff's weight loss was linked to nutritional inadequacy of the food served at the MDCDF. Plaintiff's allegation that he was denied adequate amounts of food and the proper amount of calories, see Plaintiff's Response (Docket Entry No. 306), at 2, is conclusory and unsupported by any admissible evidence. Based on the evidence that is before the Court, no reasonable jury could find in favor of Plaintiff on the claim that the Eighth Amendment was violated because the food served to him at the MDCDF was nutritionally deficient.

Although Plaintiff's inadequate medical care claim is not as clearly meritless, it likewise suffers from a lack of evidentiary support that warrants the grant of summary judgment to Defendant on the claim. Defendant has set forth evidence that Plaintiff was seen by medical care providers at the MDCDF on more than 100 occasions in response to his complaints about various ailments, that he was regularly provided with pain medication, and that he was provided with other medications.

See Affidavit of Tanya Taylor (Docket Entry No. 298), at 2-4, ¶¶ 6-7. Defendant has also provided evidence that Plaintiff was specifically evaluated after three instances when he was involved in altercations with other inmates and was transported to a local hospital on or about September 30, 2010, for treatment of a fractured hand. Id. at 4, ¶ 8.

Plaintiff has not directly disputed this evidence or otherwise offered any actual evidence showing that he was denied medical care at the MDCDF. Although he makes allegations in his response in opposition to summary judgment that he was denied all medical treatment for his broken hand and was denied mental health medications, see Docket Entry No. 306, at 2, these allegations are not supported by actual, admissible evidence, nor does Plaintiff explain these general allegations in light of Defendant's evidence of specific treatment that was provided to him. Similarly, Plaintiff's allegation in his Amended Complaint that he has been denied "all doctors (sic) ordered medical treatments," see Docket Entry No. 25, at 6, is conclusory and unsupported by any evidence in the record which provides specific details of his claim. Plaintiff's unsupported assertions are simply insufficient to create genuine issues of material fact requiring that his claim proceed to the trier of fact. See Bell, 351 F.3d at 247; Goins, 926 F.2d at 561.[3]

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Brooks

---

[3] The Court notes that, although Plaintiff is proceeding pro se, he filed hundreds of pages of his personal medical records, as well as other documents, as attachments to various filings he has made in the action. See Docket Entry Nos. 143-144, 148, 151, 219, and 240. Although many of these records pertain to events that occurred prior to the relevant time frame involved in this action, several of the records address Plaintiff's incarceration at the MDCDF in 2009-2011. Clearly, Plaintiff is aware of the significance of documentary evidence as support for his claims and of how to present these documents to the Court.

9

v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). An Eighth Amendment claim of denial of adequate medical care has both an objective and a subjective component. The objective component requires an inmate to show that the alleged deprivation is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000) (citing Farmer, 511 U.S. at 834). Although this standard does not require a showing that a defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Estelle, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2011). A plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See Estelle, 429 U.S. at 105.

Even if the Court assumes as true that Plaintiff suffered from medical needs that were serious enough to satisfy the objective component of his Eighth Amendment claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of Defendant. The undisputed evidence before the Court shows that Plaintiff was not ignored and was in fact provided with a measure of medical treatment. His claim essentially amounts to displeasure with the manner or adequacy of the course of treatment he received at the MDCDF. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834,

843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion.

Deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care Plaintiff received at the MDCDF may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). The evidence before the Court simply does not support a claim that the medical care rendered to Plaintiff was so deficient that it amounted to cruel and unusual punishment in violation of the Eighth Amendment.

Additionally, even if genuine issues of material fact existed on the issue of the constitutional adequacy of the medical care provided to Plaintiff, there is no evidence before the Court linking any deficiency in this regard to CCA. Although CCA is subject to suit under § 1983 as the entity to which the obligation to provide medical care to individuals in state custody has been contractually delegated, see West v. Atkins, 487 U.S. 42, 56, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), Plaintiff has

offered no evidence that CCA should be deemed liable on the basis of its own actions and not on the basis of its employees' actions. Such a showing is required because "[r]espondeat superior is not a proper basis for liability under § 1983." McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 470 (6th Cir. 2006); Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (1996). This showing requires some measure of evidentiary proof that CCA itself had a custom or policy of denying necessary medical care to inmates, and that CCA authorized, approved, or knowingly acquiesced in the decision to deny Plaintiff medical care. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Starcher v. Correctional Med. Sys., Inc., 7 Fed.Appx. 459, 2001 WL 345810 (6th Cir. March 26, 2001) (applying Monell policy requirement in prison medical care case to private entity that provided medical care to inmates). Plaintiff has not satisfied this requirement.

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by Defendant, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff's pro se status does not relieve him of satisfying this basic obligation. Although courts generally apply less stringent standards in determining whether pro se pleadings state a claim for which relief can be granted and afford pro se litigants some leeway in review of their filings, pro se plaintiffs are not automatically entitled to take every case to trial and the lenient treatment generally accorded to pro se litigants has limits. See Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996);

Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). At the very least, Plaintiff must show evidentiary support for his claims that raises genuine issues of material fact which must be resolved by the trier of fact. He has simply failed to satisfy this burden with respect to his claims, and summary judgment should be granted to Defendant for this reason.

The Court's conclusion that there is a lack of supporting evidence for Plaintiff's constitutional claims is sufficient to warrant summary judgment of the entire action in favor of Defendant. Nonetheless, there is merit in Defendant's alternative arguments that Plaintiff's requests for injunctive and declaratory relief have become moot because of his release from the MDCDF, see Cardinal v. Metrish, 564 F.3d 794, 799 (6th Cir. 2009); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996), and that events occurring one year prior to the filing of the instant action are barred by the applicable statute of limitations set out in Tenn. Code Ann. § 28-3-104(a)(3). See Wilson v. Garcia, 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Although not relied on herein, these argument would narrow the scope of Plaintiff's claims and his requests for relief if the Court were to otherwise find that there are genuine issues of material fact in this case.

Finally, subsequent to filing his response to the Motion for Summary judgment, Plaintiff filed a Motion for a Hearing (Docket Entry No. 312), in which he requests a hearing on the status of his case. This motion should be denied. A status hearing in the action is not warranted, and to the extent that the motion can be construed as a request for an evidentiary hearing, an evidentiary hearing is not necessary in this action. See Williams v. Browman, 981 F.2d 901 (6th Cir. 1992).

## RECOMMENDATION

The Court respectfully RECOMMENDS that:

1) Defendant's Motion for Summary Judgment (Docket Entry No. 290) be GRANTED and that this action be DISMISSED WITH PREJUDICE; and

2) Plaintiff's Motion for a Hearing (Docket Entry No. 312) be DENIED.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge