UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRELL W. BUMPAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-1055 |
| | ) | Judge Sharp |
| CORRECTIONS CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On February 1, 2013, the Magistrate Judge entered a Report and Recommendation (Docket No. 317) recommending that Defendant's Motion for Summary Judgment (Docket No. 290) be granted and this action be dismissed with prejudice; Plaintiff's Motion for a Hearing (Docket No. 312) be denied; and appeal be certified as not taken in good faith under 28 U.S.C. § 1915(a)(3). On February 8, 2013, Plaintiff requested an extension of time to file a response to the Report and Recommendation (Docket No. 322), and on February 14, 2013, this Court granted a 14-day extension (Docket No. 323). No objections to the Report and Recommendation were filed.

The Court has reviewed the matter in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and Rule 72.03, Local Rules of Court and finds no error in the Magistrate Judge's recommendation that Defendant's Motion for Summary Judgment be granted and this action dismissed. In response to a properly supported motion for summary judgment, Plaintiff has failed to put forward admissible evidence that would allow a reasonable jury to find in his favor on either his Eighth Amendment nutritional inadequacy claim or his Eighth Amendment denial of adequate medical care claim. Moreover, he has failed to proffer admissible evidence of a custom

1

or policy subjecting Defendant to liability under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 625 (6th Cir. 2011). Nor would a hearing aid in resolving this or any matter Plaintiff has sought to put before the Court. (*See* Docket No. 312).

With regard to the Magistrate Judge's recommendation that any appeal be certified as not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Court agrees. "Good faith" is judged by an objective standard, *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962), and is "established by the presentation of any issue that is not plainly frivolous," *Ellis v. U.S.*, 356 U.S. 674, 674 (1958) (per curiam) (citation omitted). The Court inquires "whether [Plaintiff's] complaint makes an arguable legal claim and is based on rational facts." *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008) (discussing dismissal of an in forma pauperis action or appeal as frivolous under § 1915(e)(2)(B)); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'") (internal citations omitted).

Any appeal Plaintiff may file could not state an arguable legal claim, nor are Plaintiff's filings based on rational facts. Plaintiff named at least 25 defendants in his 25-page Complaint (with 86 pages of attachments) and sought to add at least 28 more, with 45 sundry defendants—among them the American Correctional Association, district attorneys general, public defenders, fellow inmates, judges, and a dairy company—eventually receiving process from the Clerk. (Docket Nos. 273 at 1 & 317 at 2). Claims against all parties other than the current Defendant were dismissed by the Court on February 13, 2012. (Docket No. 273). Throughout this litigation, Plaintiff's filings have consisted of rambling, incoherent narratives that make reference to Al-

Qaeda having a "monopoly of the entire country"; racketeering and entrapment by neighbors and children; conspiracies involving names, cars, colors, numbers, and "everything in the Metro area"; neurofeedback; anthrax; the mark of the beast; and other such statements. (*See, e.g.,* Docket Nos. 25 & 312). At this point, as the Magistrate Judge's Report and Recommendation—to which Plaintiff has filed no objection—makes clear, Plaintiff could not proceed on an arguable legal claim, nor are his filings based on rational facts. The Court therefore CERTIFIES that any appeal of this Order will not be taken in good faith. *See* § 1915(a)(3) & Fed. R. App. P. 24(a)(3)(A).

The Clerk is directed to notify the parties and the Court of Appeals pursuant to Fed. R. App. P. 24(a)(4)(B), and within 30 days of that notice, Plaintiff may file a motion to proceed on appeal in forma pauperis in the Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

The Report and Recommendation (Docket No. 317) is hereby ACCEPTED, Defendant's Motion for Summary Judgment (Docket No. 290) is hereby GRANTED, and Plaintiff's Motion for Hearing (Docket No. 312) is hereby DENIED. This action is DISMISSED.

The Clerk is directed to enter Judgment in a separate document. Fed. R. Civ. P. 58(b).

It is SO ORDERED.

*[signature]*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE