UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRELL W. BUMPAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-1055 |
| | ) | Judge Sharp |
| CORRECTIONS CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has filed a Motion (Docket No. 330) under Fed. R. Civ. P. 60(b) requesting relief from the Court's March 6, 2013, entry of Judgment (Docket No. 326) and Order (Docket No. 325) accepting the Magistrate Judge's Report and Recommendation (Docket No. 317), granting Summary Judgment for Defendant, and denying Plaintiff's Motion for Hearing (Docket No. 312). As grounds for this motion, Plaintiff asserts both that he has not received a copy of the Report and Recommendation and that he actually received the Report and Recommendation on February 11, 2013. (Docket No. 330 at 1, 2). He also asserts that the Court prematurely issued its Order on March 6, whereas he maintains he had been granted an extension until March 11, 2013, to file any objections. *Id.* at 2. He describes a car accident that he was involved in on February 21, 2013. *Id.* In a companion filing, he requests another extension of time to respond to the Report and Recommendation because he had not yet received it as of February 10, 2013, and he alleges that a number of individuals were retaliating and committing other crimes against him. (Docket No. 331).

Plaintiff's motions lack merit. Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing to a person's last known address. The Report and Recommendation instructed Plaintiff

1

to file objections within 14 days of service, which occurred on February 4, when it was mailed to his last known address at 705 Drexel, Nashville, TN 37203. (Docket Nos. 317 at 14 & 318). Adding the requisite three days, Fed. R. Civ. P. 6(d), Plaintiff's objections were initially due February 21, 2013. With the fourteen-day extension, Plaintiff should have filed objections by March 7, 2013.[1] On that date, however, he filed a notice of change of address (Docket No. 328) but no objections.[2] To the extent Plaintiff failed to receive mail at his former address, he could have notified the Clerk of a new mailing address before the last day of the extended objection period. Moreover, no other grounds Plaintiff cites justify relief under Rule 60(b).

Accordingly, the Motion for Relief (Docket No. 330) is hereby DENIED, and the Motion for an Extension (Docket No. 331) is hereby DENIED AS MOOT.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] Three days are not added to this date calculation because the Order did not permit or require action within a "specified time after service," Fed. R. Civ. P. 6(d), nor did it "stat[e] that service is required," Fed R. Civ. P. 5(a)(1)(A). It was simply a marginal notation adding 14 days to the period for objections.

[2] The Court mistakenly entered its Order on March 6, which was one day before the March 7 objection deadline. However, despite filing a change of address notice with the Clerk on March 7, Plaintiff did not file, and still has not filed, any objections to the Report and Recommendation. Accordingly, Plaintiff's substantial rights were not affected, and the Court's premature entry of an Order and Judgment constitutes harmless error. *See* Fed. R. Civ. P. 61; *see also* 13 Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice and Procedure* § 3505 (3d ed. 2002) (Premature adoption of a report and recommendation "is harmless unless the appellant can show prejudice.").